IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  No. 1:11cr199-001 |
| | ) |
| EDWARD MACAULEY, | ) |
| | ) |
| Defendant | ) |

POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING

*Introduction*

The United States submits that a sentence of 168 months' incarceration, which represents the low end of the applicable guidelines range, is appropriate in light of the factors the Court should consider under 18 U.S.C. § 3553(a) in determining the sentence to be imposed.

*Brief Factual Background*

Because the Court is well aware of the facts of this case from the trial of defendants Theophilus Akwei and Joseph Duodo, we will mention them only briefly. As the Court knows, the Macauley organization was a multi-kilogram heroin trafficking organization operated from Ghana by Edward Macauley. The organization used couriers aboard commercial airlines to smuggle heroin from Ghana to the United States, frequently from the Kotoka International Airport in Accra, Ghana, to Dulles International Airport in the Eastern District of Virginia. As detailed in the indictment, the statement of facts, and the presentence report, Macauley was a leader and organizer of this drug trafficking organization and was directly involved in each of the heroin shipments.

*The Advisory Guidelines Range*

The guidelines have been properly assessed in the presentence report to be in the range of 168 to 210 months' imprisonment. The defendant has not objected to this assessment. (*See* PSR, at p. A-1.) Accordingly, the United States submits that the starting point for determining the appropriate sentence for the defendant is this guidelines sentencing range.

*The Relevant Section 3553(a) Factors*

1. <u>18 U.S.C. § 3553(a)(2)(A) & (B) (the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter criminal conduct)</u>. Obviously, the smuggling of heroin into the United States is a serious offense calling for a significant period of incarceration to vindicate the statutory objectives of promoting respect for the law and deterring similar conduct. The lure of hundreds of thousands of dollars from the drug trade, coupled with the difficulty in detecting the daily influx of heroin, warrant a sentence sufficient to deter others from engaging in this activity. Further, this conspiracy involved the corruption of airport safety officials in Ghana, a substantial number of co-conspirators in Ghana and in the United States, the active recruitment of other conspirators to serve as couriers, quantities of heroin with a street value in the hundreds of thousands of dollars, and the attendant corrosive effects that such quantities have on the streets and citizenry of the United States. The defendant was well aware of the pernicious aspects of the conspiracy he led, and he profited from it nonetheless. A significant sentence is needed, and warranted in the defendant's case, to reflect the seriousness of the offense and to provide just punishment.

2. <u>18 U.S.C. § 3553(a)(6) (the need to avoid unwarranted sentence disparities)</u>. To date, 12 defendants have been charged in this District in this and related cases arising from, or

closely related to, the Macauley drug trafficking organization. One has been assigned to Judge Lee, two have been assigned to Judge O'Grady, and the remainder were assigned to this Court. Additional defendants and charges are still anticipated. A number of defendants already have been convicted and sentenced or are awaiting sentence. To date, three defendants have been sentenced, and in each case this Court (in the cases of co-defendants Antwi[1] and Jordan) and Judge O'Grady (in the case of related defendant Owusu[2]) imposed a guidelines sentence. Others are awaiting extradition and trial, and they will appear before other judges in this District, but perhaps not for some months. In these circumstances, the sentencing guidelines provide the best mechanism for ensuring that defendants with similar records and similar roles in this large-scale conspiracy will be accorded similar sentences – *and* that defendants having significantly greater roles in the conspiracy will receive commensurately greater sentences.

In this case, a sentence of 168 months, which represents the low end of the defendant's guidelines, would promote the goal of providing parity in the sentencing of like defendants convicted of like crimes by fostering the related, albeit implicit, goal of according significantly greater punishment to defendants who undertook a significantly greater share of the criminal conduct and who enjoyed a significantly greater share of its fruits.

---

[1] The Court sentenced Antwi to 23 months' incarceration, half the low end of the 46 to 57 month guideline sentencing range, after the government moved for a 50 percent reduction pursuant to U.S.S.G. § 5K1.1.

[2] In *United States v. Yvonne Ansah Owusu*, No. 1:11cr282 (E.D. Va. Jun. 15, 2011) (indictment filed), Judge O'Grady sentenced Owusu to a low-end guidelines sentence of 51 months' incarceration after determining a guideline sentencing range of 51 to 63 months (Owusu transported 3.3 kilograms of heroin). Although this case was separately charged and assigned to Judge O'Grady, it involved a courier in a Ghanaian heroin trafficking conspiracy very similar to, and likely connected with, the Macauley organization.

*Conclusion*

For the foregoing reasons, the United States recommends a sentence of 168 months' incarceration. A low-end guidelines sentence in this case would be sufficient, but not greater than necessary, to comply with the section 3553(a) factors the Court must consider.

                        Respectfully submitted,

                        NEIL H. MACBRIDE
                        UNITED STATES ATTORNEY

By:         /s/
           James P. Gillis
           Virginia Bar No. 65055
           Karen L. Dunn
           Assistant United States Attorneys
           Justin W. Williams United States Attorney's Office
           2100 Jamieson Avenue
           Alexandria, VA 22314
           (703) 299-3700
           (703) 299-3982 (fax)
           james.p.gillis@usdoj.gov
           karen.dunn@usdoj.gov

CERTIFICATE OF SERVICE

  I hereby certify that on April 2, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

William B. Cummings
P.O. Box 1177
Alexandria, VA 22313
wbcpclaw@aol.com
Counsel for defendant Edward Macauley

  I further certify that I e-mailed a copy of the foregoing to Carla G. Coopwood, Senior U.S. Probation Officer.

                /s/
                James P. Gillis
                Virginia Bar No. 65055
                Assistant United States Attorney
                Justin W. Williams United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, VA  22314
                (703) 299-3700
                (703) 299-3982 (fax)
                james.p.gillis@usdoj.gov