IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:11cr199 (JCC) |
| | : | |
| EDWARD MACAULEY, | : | |
| | : | |
| Defendant. | : | |

**SUPPLEMENT TO POSITION OF THE DEFENDANT
WITH RESPECT TO SENTENCING FACTORS AND
BRIEF ADDRESSING 18 U.S.C. §3553(a) FACTORS**

COMES NOW the defendant, EDWARD MACAULEY, (hereinafter, Mr. Macauley), by and through counsel, and files this, his supplement to his position with respect to the sentencing factors to be used in this matter and his brief addressing the 18 U.S.C. §3553(a) factors ("the defendant's position"), and for it he states:

**I.  INTRODUCTION AND LEGAL FRAMEWORK**

The Supreme Court has dramatically changed the landscape of federal sentencing in recent years. In *United States v. Booker*, 543 U.S. 220 (2005), and its subsequent opinions in *Gall v. United States*, 128 S. Ct. 586 (2007) and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the Supreme Court rendered the Sentencing Guidelines ("Guidelines") "advisory," and but one factor for judges to consider in fashioning a sentence. In ensuring that every defendant is afforded "an individualized assessment based on the facts presented," *Gall,* 128 S. Ct. at 596-97, a court may properly deviate from the Guidelines range "to tailor the sentence in light of other statutory concerns." *Kimbrough*, 128 S. Ct. at 570 (quoting *Booker*, 543 U.S. at 245-46).

These "other statutory concerns" are set forth in 18 U.S.C. § 3553(a), which prescribes the following factors for a Court to assess during sentencing:

 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

 (2) the need for the sentence imposed —

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

 (3) the kinds of sentences available;

 (4) the kinds of sentence and the sentencing range established for —

  (A) [in the Sentencing Guidelines] . . .

 (5) any pertinent policy statement —

  (A) issued by the Sentencing Commission . . .

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2006).

The guiding principle, as set out in the parsimony clause of § 3553(a), is that the Court impose a sentence that is "sufficient, but not greater than necessary" to achieve the

goals of sentencing. Thus, rather than *presuming* that the Guidelines-calculated sentence meets this standard, the Court must consider all of the § 3553(a) factors. *Gall*, 128 S. Ct. at 596-97; *see also United States v. Biheri,* 356 F. Supp. 2d 589, 594 (E.D. Va. 2005) ("fashioning a just sentence cannot be reduced to a mere arithmetical exercise . . . sentencing, in the end, must involve the exercise of *judgment, i.e.,* a judge's discerning opinion that results from identifying and weighing fairly all of the factors relevant to achieving the statutory sentencing goals").

When the other § 3553(a) factors weigh in favor of a sentence other than what the Guidelines prescribe, the Court may [, and counsel suggests should] properly impose a non-Guidelines sentence. *United States v. Benkahla*, 501 F. Supp. 2d 748, 758 (E.D. Va. 2007) (court may impose a "variance sentence" where the Guidelines sentence does not serve § 3553(a) factors); *accord United States v. Pauley*, 511 F.3d 468 (4th Cir. 2007) (upholding sentence that departed 36 months from low end of Guidelines).

Mr. Macauley has, through counsel, previously addressed the § 3553(a) factors in the defendant's position, but feels it necessary to supplement that argument in light of the government's position of the United States with respect to sentencing ("the government's position").

## II.  ARGUMENT CONCERNING THE GOVERNMENT POSITION

The government has filed the government's position addressing the Guidelines and the sentencing factors and agrees with the conclusion reached in the presentence investigation report ("the Report") that the initial step in that process, the proper calculation of the Guideline range results in a potential sentence of 168 to 210 months. The government asserts that Mr. Macauley does not dispute that assessment (the

government's position, p. 2), completely ignoring Mr. Macauley's objections to the Report and the arguments contained in the defendant's position. The government also addresses only two (2) of the seven (7) §3553(a) factors ((a)(2) and (a)(6)) before coming to the unsurprising conclusion that a sentence at the low end of, but within, the Guideline range is appropriate in this case. The reasoning found in the government's discussion of the §3553(a)(6) factor (disparity of sentencing) is most instructive.

Despite the fact that there is no evidence whatsoever that Mr. Macauley would profit from, or if he would to what extent he would profit from, the transactions relevant to this case, the government asserts that Mr. Macauley should be sentenced at the 168 month level (more than the other co-conspirators) to avoid disparity of sentencing because according to the government those who profit the most should be punished the most harshly (those "who enjoyed a significantly greater share of [the criminal conducts] fruits," *see*, the government's position, p. 3). Allegedly to accomplish that goal, the government falls back on a strict application of a Guideline sentencing range sentence as the default sentence to impose on the theory that if all defendants are sentenced to a Guideline range sentence then there will be no disparity of sentencing (*id.*). This conclusion has the benefit of simplicity for both the government and the Court. However, this simplistic application of the sentencing Guidelines, as well as the government's reluctance to consider the significance of virtually any of the §3553(a) factors, leads to only one conclusion — it is the government's opinion that a strict, if not mandatory, application of the sentencing Guidelines, and the sentencing ranges calculated thereunder, is appropriate, despite both the Supreme Court's, and the United States Court of Appeals for the Fourth Circuit's prior rulings and the factual reality of

this case.

It is well settled that a sentencing court must first properly calculate the Guideline range and then consider all seven (7) factors before imposing a sentence after conviction, and that the final sentence should be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in §3553(a). In *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), the Fourth Circuit stated that this Court must "first calculate . . . the range prescribed by the guidelines. Then, ***the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in §3553(a) before imposing the sentence***. . . . [Then, if] the court imposes a sentence outside the guideline range, it should explain its reasons for doing so . . . ." 401 F.3d at 546 (emphasis added). The importance of this process, in first determining the proper guideline range and then applying the §3553(a) factors, even if the application of those factors results in the imposition of a sentence significantly below the guideline range, was highlighted by the Supreme Court in *Gall, supra*, where that Court reinforced the deference which must be given to the District Court's sentencing decision, based upon the application of those §3553(a) factors. If this Court does not apply the §3553(a) factors (or improperly applies them by sentencing Mr. Macauley more harshly because of a non-fact based belief that he profited most from the conspiracy), then an appellate court should not give such deference to this Court's sentencing decisions.

### III.  CONCLUSION

Mr. Macauley is 62 ½ years old, with a life expectancy of approximately 18.6 years (*see*, Virginia Code §8.01-419, 1950 ed., as amended), for a total age at his supposed time of death of 81 years. The government argues that this Court should

impose a sentence of 168 months of imprisonment on Mr. Macauley, a 14 year sentence. Even reduced for "good time," that sentence would only be reduced to 12 years, meaning that Mr. Macauley would be approximately 75 years old upon his release, if he survives that long. Such a sentence is, in effect, a life sentence, and is unconscionable. As previously requested in the defendant's position, a sentence at the level of the mandatory minimum statutory sentence of 120 months in this case, 10 years, would ". . . be sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 USC §3553(a).

                Respectfully submitted,

                EDWARD MACAULEY

By:           /s/
                WILLIAM B. CUMMINGS, ESQUIRE
                VA Bar No. 6469
                Counsel for EDWARD MACAULEY
                WILLIAM B. CUMMINGS, P.C.
                Post Office Box 1177
                Alexandria, Virginia  22313
                (703) 836-7997
                Fax (703) 836-0238
                wbcpclaw@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of April, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to at least the following registered ECF users:

        James P. Gillis, Esquire
        James.p.gillis@usdoj.gov
        United States Attorney's Office, EDVA
        2100 Jamieson Avenue
        Alexandria, Virginia  22314

AND I HEREBY CERTIFY THAT I am mailing by U.S. Mail and transmitting by e-mail the foregoing document and the NEF to the following non-filing user:

>Carla G. Coopwood
>Senior U.S. Probation Officer
>10500 Battleview Parkway, Suite 100
>Manassas, VA 20109

>_____/s/_____
>WILLIAM B. CUMMINGS, ESQUIRE
>VA Bar No. 6469
>Counsel for EDWARD MACAULEY
>WILLIAM B. CUMMINGS, P.C.
>Post Office Box 1177
>Alexandria, Virginia  22313
>(703) 836-7997
>Fax (703) 836-0238
>wbcpclaw@aol.com