```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

 EDWARD MACAULEY,                 )
                                  )
      Petitioner,                 )
                                  )
           v.                     )     1:11cr199
                                  )     1:13cv1403
                                  )
 UNITED STATES OF AMERICA,        )
                                  )
      Respondent.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Edward Macauley's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. [Dkt. 321.] For the following reasons, the Court will deny Petitioner's motion.

### I. Background

On January 17, 2012, Petitioner appeared before this Court and pled guilty to one count of conspiracy to import heroin in violation of 21 U.S.C. § 963. (Plea Mins. [Dkt. 157] at 1.) Petitioner simultaneously entered a plea agreement wherein the Government agreed to drop several other charges in exchange for Petitioner's full cooperation. (Plea Agreement [Dkt. 158] at 1, 6.) The plea agreement contained, among other terms, the following provision:

1

> This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.

(*Id.* at 11-12.) The agreement also informed Petitioner that any subsequent motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure would be at the Government's sole discretion. (*Id.* at 8.)

During the ensuring plea colloquy, Petitioner confirmed that he had been given ample opportunity to read over the plea agreement and consult with his attorney. The Court also affirmed that this plea agreement represented the entire bargain between the parties. The Court then reviewed with Petitioner the constitutional rights he was forfeiting by pleading guilty along with the facts alleged in the indictment. At the conclusion of the hearing, the Court found Petitioner's plea knowing and voluntary. (Plea Mins. at 1.)

On April 6, 2012, the Court sentenced Petitioner to 168 months incarceration along with five years' supervised release. (Sentencing Mins. [Dkt. 247] at 1.) Petitioner did not appeal.

Petitioner then filed the instant motion on November 4, 2013, seeking to overturn his conviction. (Mot. to Vacate at 7.) Liberally construed, Petitioner's motion asserts the following grounds for relief: (1) the Government breached its oral promise to file a sentence reduction motion under Rule 35; and (2) his extradition from Ghana was unlawful. (*Id.* at 5.) The merits of these allegations are addressed below.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. *See In re Jones*, 226 F.3d 328, 332–33 (4th Cir. 2000) ("'[Section] 2255 was intended to afford federal

prisoners a remedy identical in scope to federal habeas corpus[.]'" (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974))). The existence of the right to pursue a collateral attack, however, does not displace a direct appeal as the "usual and customary method of correcting trial errors." *United States v. Allgood,* 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). Consequently, claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

### III. Analysis

A. <u>Timeliness</u>

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Among other things, AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). This limitations period starts to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In this case, the Court entered judgment against Petitioner on April 6, 2012, and he did not appeal. (Judgment [Dkt. 248] at 1.) His conviction, therefore, became final fourteen days later on April 20, 2012. *See United States v. Ramey,* Nos. 7:09CR00054, 7:13CV80603, 2014 WL 408332, at *2 (W.D. Va. Jan. 31, 2014) ("If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires[.]"). Petitioner did not file the instant motion until November 4, 2013, well over a year after his conviction became final. Thus, this action is untimely under § 2255(f)(1). *Id.* at *2.

Nevertheless, Petitioner asserts that his motion is timely due to "the government's impediment where it promised to file a Rule 35 motion . . . [but later] reneged on that

5

promise[.]" (Pet'r's Mem. in Supp. [Dkt. 322] at 6.) While not entirely clear, Petitioner appears to assert that his claims should be considered timely under § 2255(f)(2) because he delayed filing this action in reliance on the Government's verbal promises. (*Id.*)

Petitioner's argument, however, directly contradicts statements made in his plea agreement and in open court. The plea agreement specifically denied that any other promises existed between the parties, and further provided that there was no obligation to make a reduction motion. (Plea Agreement at 8, 11-12.) During the plea hearing, Petitioner confirmed that he had read and understood the plea agreement and that no one had promised him anything outside of its terms. Petitioner fails to offer any compelling reason why the Court should disregard these sworn statements. *See United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) ("[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity' . . . [and present] 'a formidable barrier in any subsequent collateral proceedings.'" (citation omitted)). Because Petitioner's timeliness argument relies on assertions that directly controvert his plea agreement and prior testimony, the Court finds his argument to be patently incredible and thus insufficient to merit a belated commencement period under § 2255(f)(2). *See United States v. Scott,* No. 2:04CR00009, 2010

6

WL 1490361, at *6 (W.D. Va. Apr. 14, 2010) (denying similar timeliness argument where it contradicted petitioner's plea agreement and sworn testimony).

The remaining subsections of § 2255(f) also fail to provide any relief. *See* 28 U.S.C. § 2255(f)(3)-(4). The Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis asserted here. And, no new facts supporting Petitioner's claims have been discovered.

Finally, Petitioner has not submitted any grounds to establish that he is entitled to equitable tolling. Although the limitations period under § 2255(f) may be tolled for equitable reasons, this remedy is rarely applicable. *See, e.g., United States v. Prescott,* 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion). To warrant equitable tolling, the defendant must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citations and internal quotation marks omitted). Specifically, the defendant must demonstrate how an exceptional circumstance "beyond his control or external to his own conduct . . . prevented him from filing on time." *Rouse v. Lee,* 339 F.3d. 238, 246 (4th Cir. 2003) (en banc). Petitioner's allegations simply do not show

7

that he was diligent in seeking to vindicate his rights under § 2255 or that anything or anyone outside his control prevented him from filing a timely motion. Accordingly, Petitioner's motion is untimely under § 2255(f).

Nevertheless, as discussed below, even setting aside the issue of timeliness, Petitioner's motion fails to state a viable claim for relief.

### B. Rule 35 Motion

Petitioner first claims that the Government has failed to deliver on its promises to file a Rule 35 motion to reduce his sentence. (Mot. to Vacate at 5.) According to Petitioner, "government agents made oral promises to reward me with a reduction in sentence by filing a Rule 35 motion" and this pledge "has not been fulfilled." (Pet'r's Aff. [Dkt. 322] at 1-2.)

Petitioner's allegations are insufficient to trigger review of the Government's decision to withhold such a motion. As this Court recently noted:

> A district court has no authority to review the government's refusal to file a Rule 35(b) motion unless that decision was based [on] an unconstitutional motive, such as the defendant's race or religion. *See Wade v. United States,* 504 U.S. 181, 185–86 (1992); *United states v. Butler,* 272 F.3d 683, 686 (4th Cir. 2001); *United States v. Anderson,* 2012 WL 6021322, at *7 (E.D. Va. Dec. 3, 2012). To trigger such review, a defendant must make a "substantial threshold showing"

8

> of improper motives by the Government. *United States v. Saquella,* 2012 WL 405060, at *3 (E.D. Va. Feb. 7, 2012) (internal citations omitted). Accordingly, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade,* 504 U.S. at 186-87.

*McLean v. United States,* Nos. 1:08cr175 (JCC), 1:12cv1145, 2013 WL 1450559, at *2 (E.D. Va. Apr. 9, 2013).

Given Petitioner has "never alleged, much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons such as [his] race or [his] religion," *Wade*, 504 U.S. at 186, but rather argues that he is entitled to a Rule 35(b) motion based on oral promises and his assistance, Petitioner's claim facially lacks merit. *See United States v. Baokye,* Nos. 1:11cr455 (JCC), 1:12cv1226, 2013 WL 2458623, at *2 (E.D. Va. June 6, 2013) (denying habeas claim based on the government's refusal to file a Rule 35 motion where petitioner failed "to meet the threshold showing of improper motive").

Moreover, Petitioner's claim is nearly identical to the arguments rejected in *United States v. Anderson*, Nos. 1:11cr231, 1:12cv1168, 2012 WL 6021322 (E.D. Va. Dec. 3, 2012). In *Anderson*, the petitioner asserted error related to the government's failure to move for a sentence reduction under Rule 35(b). *Id.* at *6-7. In rejecting this position, the court

9

noted that the plea agreement at issue gave the government sole discretion to move for a reduction in sentence, and "[u]nder Fourth Circuit precedent, if a plea agreement gives the government 'sole discretion' to decide whether a downward departure is appropriate, it 'give[s] rise to no enforceable promise' because it 'explicitly reserv[es] discretion rather than promising anything.'" *Id.* at \*6 (citing *United States v. Wallace,* 22 F.3d 84, 87 (4th Cir. 1994)).  The court then went on to state:

> Should [petitioner] seek to argue that the "promise" of a Rule 35(b) motion was made outside the written plea agreement, that argument is contradicted by his acknowledgment, made under the penalty of perjury during the Rule 11 plea colloquy, that there were no other agreements or understandings between him and any law enforcement official or prosecutor regarding the case.
>
> Accordingly, there is no basis for [petitioner's] claim that the government breached the plea agreement when it did not move for a downward departure or sentence reduction, as the plea agreement included no promise that it would do so.

*Id.* at \*7 (citations omitted).  The same rationale is applicable here, and thus Petitioner's claim cannot stand.

### C. Petitioner's Extradition

Petitioner next asserts that his extradition from Ghana was illegal and thus the guilty plea cannot stand. (Mot. to Vacate at 5.)  This claim is similarly meritless.

First, this claim is procedurally defaulted because Petitioner could have, but neglected to, raise this point on direct appeal. *See United States v. Baumgardner*, No. 1:08CR00024-041, 2013 WL 4598066, at *2 (W.D. Va. Aug. 29, 2013) (finding petitioner's argument procedurally defaulted where "[h]e failed to raise his claim at trial or on appeal and offers no reason that he could not have done so"). Petitioner's motion is devoid of any viable argument regarding cause and prejudice to excuse the default. Likewise, Petitioner has made no colorable showing that he is actually innocent of the underlying criminal charges. Accordingly, this claim must be denied. *See Antwi v. United States,* 349 F. Supp. 2d 663, 669 (S.D.N.Y. 2004) (finding petitioner's extradition claim procedurally barred where he failed to raise it on direct appeal).

Moreover, the manner in which Petitioner was brought to the United States is irrelevant to his guilty plea and sentencing. Even if Petitioner was forcibly removed to the United States, this would not affect the Court's jurisdiction over his prosecution. *See United States v. White,* 480 F. App'x 193, 194 (4th Cir. 2012) ("The manner through which a defendant found himself within the United States generally does not affect the jurisdiction of the district court to preside over his prosecution."); *see also United States v. Arbane,* 446 F.3d 1223, 1225 (11th Cir. 2006) ("[A] criminal defendant cannot defeat

personal jurisdiction by asserting the illegality of the procurement of his presence in the relevant jurisdiction—here, the United States.").

### IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's motion.[1]  An appropriate order will issue.

February 21, 2014
Alexandria, Virginia

/s/
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

---

[1] Along with his motion to vacate, Petitioner also filed a motion "for the production of files and records under Rule 6." [Dkt. 323.] In light of the rulings above, the Court will deny this motion as moot.

12